# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CATHERINE GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-02127 |
| v. ) | |
| ) | Hon. Amy J. St. Eve |
| STERLING, INC, d/b/a KAY JEWELERS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER AND OPINION

Plaintiff Catherine Gonzalez ("Plaintiff") moves to forego the preliminary steps and one-year limitations period as required under her arbitration agreement (the "RESOLVE Program") with Defendant Sterling Jewelers, Inc. d/b/a Kay Jewelers ("Defendant"). Defendant moves in its response to dismiss the case with prejudice in light of Plaintiff's failure to adhere to the arbitration agreement's one-year limitations period. For the following reasons, the Court denies Plaintiff's motion to forego certain elements of the arbitration agreement and grants Defendant's motion to dismiss the case with prejudice.

## BACKGROUND

Plaintiff Catherine Gonzalez worked for Defendant Sterling Jewelers, Inc. d/b/a Kay Jewelers, Inc. before Defendant terminated her employment. (R. 1-1, Exh. A, Complaint.) Pursuant to her employment, Plaintiff signed an arbitration agreement (the "Agreement") with Defendant. (R. 15-1, Arbitration Agreement, at 2.) Specifically, Plaintiff agreed to the following, in relevant part:

> I . . . hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment[,] or post-employment dispute, claims, or controversy (collectively called "claim") against Sterling Jewelers, Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current

and former directors, officers, shareholders, representatives, employees, insureds, members[,] and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment[,] or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to . . . any public policy, contract, tort[,] or common law. ***

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g. monetary, injunctive[,] or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. ***

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. . . . Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims. Further, employee and Sterling agree to follow the time periods in the appeal process set forth below:

| **Party** | **Time Limit (Time limitations will be strictly enforced)** |
|---|---|
| Sterling | postmarked 30 calendar days from date of receipt of Step 1 claim form to send initial claim review determination. |
| Employee | 30 calendar days from the date of Step 1 claim form determination to request, complete, postmark[,] and send Step 2 appeal claim form. |
| Sterling | 45 calendar days from date of receipt of Step 2 appeal claim form to notify claimant of the assignment of either the Step 2 review panel or mediation. |
| Employee | 30 calendar days from the date of notice of an unsuccessful Step 2 to request, complete, postmark[,] and send Step 3 claims appeal form. *** |

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C. Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is[,] whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute

and bear on the final disposition of the matter (e.g., one (1) year for filing a
claim). ***

The parties understand and agree that this Agreement contains adequate
consideration, the receipt and sufficiency of which is hereby acknowledged. . . .
Employee understands that he/she would not be or remain employed by Sterling
absent signing this Agreement. The parties have knowingly, voluntarily[,] and
free from duress or coercion entered into this Agreement.

(R. 15-1 at 1–2.) Significantly, Plaintiff agreed to "utilize the Sterling RESOLVE Program" to

arbitrate employment disputes within one year of the alleged unlawful conduct. (*Id*.) Further,

Plaintiff provided a brochure detailing the Agreement and the RESOLVE Program's three-step

process as follows:

**Step 1 – Filing a Complaint:**

An employee who believes he/she has been subjected to an unlawful employment
action, harassment, or termination must contact the **RESOLVE Program
Administrator** and complete a RESOLVE Program Complaint Form.

The party must specify in the form how he/she has been subjected to an unlawful
action and the specific relief sought. Unless prohibited by law, the claim form
must be fully completed postmarked and sent to the RESOLVE Program
Administrator within one (1) year of the alleged unlawful action.

After an investigation a response (answer) will be postmarked to the employee no
later than 30 days after receipt of the complaint form.

If the employee is satisfied with the response, no further action is required.

A written agreement containing the terms of any settlement will be signed by the
parties who will be legally bound by the terms of the agreement.

If not satisfied by the outcome of **Step 1**, an employee may proceed to **Step 2**.
An employee must request, fully complete and return a Step 2 appeal form which
must be postmarked within 30 days of the response date of the **Step 1**
determination. Upon receipt of the Step 2 appeal form, Sterling will notify the
employee within 45 calendar days as to whether his or her claim is assigned to
either mediation or the review panel.

3

**Step 2 – Appeal for Further Review:**

**Step 2** allows the employee to appeal for further review if he/she is not satisfied with the outcome of **Step 1**.

In **Step 2**, the case is assigned by the **RESOLVE Program Administrator** to a skilled outside Mediator or a 5 member Review Panel.

As in **Step 1**, if the employee is satisfied with the response, no further action is required.

If not satisfied by the outcome of **Step 2**, an employee may proceed to **Step 3**. An employee must request, fully complete and return a **Step 3** appeal form which must be postmarked within 30 days of the response date of the **Step 2 determination**.

**Step 3 – Arbitration:**

**Step 3** allows the employee to file for neutral and binding **arbitration** if the employee is dissatisfied with the decision or proposed resolution in **Step 2**.

**Step 3** involves a formal hearing where both the employee and the Company may utilize legal representation. This step utilizes a jointly selected outside/neutral arbitrator from National Arbitration and Mediation ("NAM"). NAM was founded in 1992 and helps to resolve thousands of disputes a year.

The arbitration will take place at a mutually convenient time and location near the site where the complaint arose and shall be governed by the Federal Arbitration Act, the substantive law of the jurisdiction where the complaint arose, NAM's Employment Rules and Procedures and the REOSLVE Program Arbitration Rules.

(R. 15-1 at 5–7.) Both parties signed the Agreement, and neither party disputes the above language.

Defendant terminated Plaintiff's employment in October 2014. (R. 20 at 1.) Plaintiff filed suit, alleging a claim of retaliatory discharge, in the Circuit Court of Cook County, Illinois on January 8, 2016. (R. 1-1, Exh. A.) Defendant removed the action to this Court and moved to compel arbitration through the RESOLVE Program pursuant to the Agreement. (R. 1; R. 7.) Specifically, Defendant argued that "[t]he arbitration agreement explicitly states that Plaintiff

and Sterling agree to utilize the RESOLVE Program (which mandates arbitration) to pursue any claims relating to Plaintiff's employment, including, but not limited to, claims under . . . any public policy, contract, tor or common law." (R. 7 at 1 (quotation marks omitted).) "The Complaint," Defendant argued, "is subject to mandatory arbitration in accordance with Plaintiff's enforceable arbitration agreement executed with Sterling, as well as the related RESOLVE Alternative Dispute Resolution Program." (R. 9.) Plaintiff did not object, and the Court granted the motion to compel and stayed the judicial proceedings. (R. 13.) Subsequently, on April 4, 2016, Defendant directed Plaintiff to commence with Step 1 of the RESOLVE Program and provided Plaintiff with the appropriate contact information to do so. (R. 18-3, Exh. C.) Instead, Plaintiff requested that, in return for compliance with the Agreement's preliminary steps, Defendant waive any timeliness objection to Plaintiff's claim. (R. 18-4, Exh. D.) Defendant refused to do so. (R. 18-5, Exh. E.)

Now, Plaintiff moves to forego the Agreement's RESOLVE Program preliminary steps and one-year limitations period. Plaintiff contends that Defendant's conduct constitutes an implied waiver of the right to enforce the Agreement's preliminary steps and one-year limitations period. (R. 15 at ¶ 19.) Additionally, Plaintiff argues that Defendant should be equitably estopped from enforcing the Agreement's one-year limitations period. (R. 20 at 5.) Defendant opposes such relief and moves to dismiss the case with prejudice pursuant to the Agreement's one-year limitations period. (R. 18 at 7.) The Court addresses each argument in turn.

ANALYSIS

I.  **Plaintiff's Motion to Forego the Agreement's Preliminary Steps and One-Year Limitations Period is Denied**

The Federal Arbitration Act applies to the Agreement between Plaintiff and Defendant. (R. 15-1 at 2.) Under the FAA, "[a] written provision . . . in a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Bahoor v. Varonis Sys., Inc.*, 152 F. Supp. 3d 1091, 1097 (N.D. Ill. 2015) (quoting 9 U.S.C. § 2). "If the parties have a valid arbitration agreement and the asserted claims in a lawsuit are within its scope, the arbitration requirement must be enforced." *Id.* (citing 9 U.S.C. §§ 3–4; *Sharif v. Wellness Int'l. Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)). Indeed, "[t]he FAA makes arbitration agreements enforceable 'to the same extent as other contracts, so courts must enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms.'" *Hasbro, Inc. v. Catalyst USA, Inc.*, 367 F.3d 689, 692 (7th Cir. 2004) (quoting *Sphere Drake Ins. Ltd. v. All American Life Ins. Co.*, 307 F.3d 617, 620 (7th Cir. 2002) (citation and quotation marks omitted)); *see also AT&T Mobility LLC, v. Concepcion*, 563 U.S. 333, 339, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011) ("The FAA was enacted in 1925 in response to widespread judicial hostility to arbitration agreements. . . . We have described [Section 2] as reflecting both a liberal federal policy favoring arbitration' and the 'fundamental principle that arbitration is a matter of contract. In line with these principles, courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms.") (citations and quotation marks omitted). Notably, the FAA limits the grounds upon which to invalidate arbitration agreements to

"generally applicable contract defenses, such as fraud, duress, or unconscionability." *AT&T Mobility LLC*, 563 U.S. at 339.

"[T]he party seeking to invalidate or oppose the arbitration agreement bears the burden of demonstrating that the arbitration agreement is unenforceable and that the claims are unsuitable for arbitration." *Bahoor*, 152 F. Supp. 3d at 1097 (citing *Paragon Micro, Inc. v. Bundy*, 22 F. Supp. 3d 880, 887 (N.D. Ill. 2014) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91–92, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000))). Ultimately, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id*. (citing *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)).

> Here, the Agreement specifically provides, in relevant part, that Plaintiff
>
> hereby agree[s] to utilize the Sterling RESOLVE Program to pursue any . . . post-employment dispute, claims, or controversy . . . against Sterling Jewelers, Inc. . . . regarding any alleged unlawful act regarding . . . the termination of my employment[.]

(R. 15-1 at 1.) Moreover, pursuant to the Agreement, the parties agreed

> to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. . . . Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

(*Id*.) Plaintiff neither disputes this language nor alleges "fraud, duress, . . . unconscionability" or any other "grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC*, 563 U.S. at 339 (citing 9 U.S.C. § 2). In light of the Agreement's clear and unambiguous terms, Plaintiff's motion to forego the RESOLVE Program's preliminary steps and the one-year limitations period is denied. *See IDS Life Ins. Co. v. Royal Alliance Assoc.'s Inc.*,

7

266 F.3d 645, 649 (7th Cir. 2001) ("[W]ithin exceedingly broad limits, the parties to an arbitration agreement choose their method of dispute resolution and are bound by it however bad their choice appears to be either *ex ante* or *ex post*.") (citing *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 709 (7th Cir. 1994); *Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc.*, 935 F.2d 1501, 1505 (7th Cir. 1991); *Merit Ins. Co. v. Leatherby Ins. Co.*, 714 F.2d 679, 679 (7th Cir. 1983); *UHC Mgmt. Co. v. Computer Scis. Corp.*, 148 fF.3d 992, 997 (8th Cir. 1998); *Ford v. NYLCare Health Plans*, 141 F.3d 243, 247–48 (5th Cir. 1998); *Davis v. Prudential Secs., Inc.*, 59 F.3d 1186, 1193 (11th Cir. 1995)). Furthermore, the Court has already granted Defendant's unopposed motion to compel the parties to arbitrate the underlying claims through the RESOLVE Program pursuant to the Agreement. (R. 13.) This program, detailed at length above, includes three distinct steps and specific limitation periods. Plaintiff fails to demonstrate any legitimate reason why to forego those steps and limitation periods.

Plaintiff's arguments to the contrary are unavailing. Plaintiff first argues that Defendant implicitly waived its right to enforce the preliminary steps of the RESOLVE Program and the one-year limitations period expressed in the Agreement. Specifically, Plaintiff asserts that "the Defendant's actions, ranging from failing to respond to Plaintiff's first letter, to failing to follow-up as promised, to failing to ever point out the technical components of the arbitration agreement imply a waiver of its rights to compel the preliminary steps of the Resolve Program and to enforce its one-year limitation period." (R. 20 at 3.) The Court disagrees.

A court may find an implied waiver where, "considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). Similarly, a party may waive individual terms of a contract where "facts and circumstances show an intentional

8

relinquishment of a known right" and are "inconsistent" with the intention to enforce a contractual right. *Chicago College of Osteopathic Med. v. George A. Fuller Co.*, 719 F.2d 1335, 1343 (7th Cir. 1983). Here, the Agreement did not obligate Defendant to remind Plaintiff of the agreed-upon RESOLVE Program's post-employment claims process. *See LaSalle Nat. Bank v. Metro. Life Ins. Co.*, 18 F.3d 1371, 1375 (7th Cir. 1994) ("[Defendant] was under no duty to remind the [Plaintiff] of their obligations under the [loan] agreement[.]"). As a result, Plaintiff's assertion that "Defendant had numerous opportunities to instruct and remind [her] of the procedure it wants her to now follow but choose [sic] not to," is irrelevant. (R. 20 at 4.) Plaintiff signed an agreement to utilize the RESOLVE Program's "multi-step process" within one year of any alleged unlawful conduct. She failed to adhere to these terms. *See Johnson v. Orkin*, 556 Fed. App'x 543, 545 (7th Cir. 2014) ("The two documents that Johnson did read, possess, and sign both state that he must arbitrate any claims regarding his employment. On the very pages that Johnson signed, he and [Defendant] agreed 'to arbitrate any dispute, claim, or controversy regarding or arising out of' his employment[.] . . . Agreements to arbitrate employment are enforceable. . . . Because Johnson's claims arise out of his employment, he must therefore arbitrate them.") (citations omitted). Thus, Defendant's actions did not amount to an implicit waiver of its right to enforce the Agreement in its entirety.

Plaintiff's remaining argument meets the same fate. She next argues that Defendant should be equitably estopped from enforcing the Agreement's one-year limitation period. Specifically, she claims that "Defendant, with its superior bargaining position, resources, manpower, and expertise, in essence concealed information relating to the Resolve Program. With knowledge of [Plaintiff's] intent to have her claim adjudicated if a settlement was not reached, the Defendant conveniently did not instruct nor direct her attention towards the

9

technical components of the program." (R. 20 at 6.) "If the Defendant had simply reminded and instructed [Plaintiff] about the technicalities of an agreement she signed nearly three years prior," Plaintiff continues, "she would have complied." (*Id.*) Plaintiff concludes, "[b]y failing to instruct her about the technicalities of the Resolve Program, [Plaintiff] was harmed by being lulled into an inability to follow the proper procedure to have her claim adjudicated." (*Id.*) Again, however, Plaintiff does not identify any language in the Agreement that imposes such an obligation upon Defendant pursuant to either the Agreement or the RESOLVE Program. Equitable estoppel allows for the circumvention of a limitations period "when a party takes *active* steps to prevent an adversary from suing on time." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (emphasis added). Not only does the Agreement not require Defendant to remind Plaintiff of her responsibilities, but failing to do so does not amount to an "active" step against Plaintiff. Rather, Plaintiff's own inaction prevented her from filing a timely claim. Thus, Defendant is not equitably estopped from enforcing the Agreement's one-year limitation period.

## II. The Court Dismisses the Case with Prejudice

Defendant in its response requests that the Court dismiss the case with prejudice pursuant to the Agreement's one-year limitations period. (R. 18 at 7.) "Absent a controlling statute," parties "may agree by contract to a particular limitations period" and a court may enforce this limitations period so long as it is not "unreasonably short." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610–12, 187 L. Ed. 2d 529 (2013). Here, the Agreement provides that

> [q]uestions of arbitrability (that is[,] whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

(R. 15-1 at 2.) The Agreement explicitly envisioned the immediate issue before the Court—determining whether a claimant adhered to "one (1) year for filing a claim" after a "party already has initiated a judicial proceeding." (*Id*.) Plaintiff did not. Defendant terminated Plaintiff's employment in October 2014. On April 26, 2016, over one and a half years later, Plaintiff moved to forego the Agreement's preliminary steps and one-year limitations period. As of August 2016, well over one year since the alleged unlawful conduct, Plaintiff has failed to file her claim through the agreed-upon RESOLVE Program's multi-step process. Consequently, pursuant to the Agreement, Plaintiff has waived her claims. As a result, Plaintiff's case is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff Catherine Gonzalez's motion to forego the RESOLVE Program's preliminary steps and one-year limitations period. In light of Plaintiff's untimeliness pursuant to the Agreement's limitations period, the Court dismisses the case with prejudice.

**Dated: August 22, 2016**  ENTERED

_____
AMY J. ST. EVE
United States District Court Judge